**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

TRISTAN KASINGER,             )   NO. CV 15-4140-E
                            )
           Plaintiff,     )
                            )
   v.                  )   **MEMORANDUM OPINION**
                            )
CAROLYN W. COLVIN, Acting    )   **AND ORDER OF REMAND**
Commissioner of Social Security,   )
                            )
          Defendant.     )
_____)

    Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied, and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

    Plaintiff filed a complaint on June 2, 2015, seeking review of the Commissioner's denial of benefits.  The parties consented to proceed before a United States Magistrate Judge on July 14, 2015. Plaintiff filed a motion for summary judgment on November 16, 2015.

1  Defendant filed a motion for summary judgment on January 15, 2016.

2  The Court has taken the motions under submission without oral

3  argument.  <u>See</u> L.R. 7-15; "Order," filed June 5, 2015.

4

5                          **BACKGROUND**

6

7      Plaintiff asserts disability since August 28, 2011, based on,

8  <u>inter alia</u>, whole body pain of allegedly disabling severity

9  (Administrative Record ("A.R.") 19, 33-46, 130-31, 181-83).  Dr. Aimee

10 Pierce and Dr. Wei Mi, two of Plaintiff's treating physicians, both

11 diagnosed fibromyalgia (A.R. 208, 211, 249-50, 252, 254, 258).  Dr.

12 Richard Alexan-Shirabad, another of Plaintiff's physicians, "highly

13 suspect[ed]" that Plaintiff suffers from fibromyalgia (A.R. 229).  Dr.

14 Pierce opined that Plaintiff's resulting physical limitations disable

15 him from all employment (A.R. 258-60; <u>see</u> A.R. 49).

16

17     The Administrative Law Judge ("ALJ") decided that Plaintiff has

18 no severe impairment of any kind (A.R. 20).  With regard to

19 Plaintiff's diagnosed fibromyalgia, the ALJ stated:

20

21     The undersigned notes the claimant made complaints of "whole

22     body pain," and the treating physicians suggested

23     fibromyalgia as a possible cause of this pain (Exhibit

24     2F/5).  Fibromyalgia is a disorder defined by the American

25     College of Rheumatology (ACR) and the Social Security

26     Administration recognizes it as medically determinable if

27     there are signs that are clinically established by the

28     medical record.  <u>The signs are primarily the tender points</u>.

1      The ACR defines the disorder in patients as "widespread pain
2      in all four quadrants of the body for a minimum duration of
3      3 months and <u>at least 11 of the 18 specified tender points</u>
4      which cluster around the neck and shoulder, chest, hip,
5      knee, and elbow regions."  Other typical symptoms, some of
6      which can be signs if they have been clinically documented
7      over time, are irritable bowel syndrome, chronic headaches,
8      temporomandibular joint dysfunction, sleep disorder, severe
9      fatigue, and cognitive dysfunction.  Based on the above-
10     described criteria, the undersigned finds fibromyalgia is
11     not a medically determinable impairment <u>because there are no</u>
12     <u>such signs documented in the medical record</u>.

13

14   (A.R. 19-20) (emphasis added).

15

16     With regard to the opinions of Dr. Pierce, the ALJ stated:

17

18     Aimee Pierce, M.D., the claimant's physician, opined that
19     the claimant can lift and carry 10 pounds occasionally and
20     less than 10 pounds frequently; sit for about 4 hours in 8-
21     hour workday; stand/walk for less than 2 hours in an 8-hour
22     workday; occasionally crouch/squat, climb ladders, and climb
23     stairs; rarely twist, stoop, balance, and kneel; rarely
24     handle, finger, and reach (Exhibit 10F/3-4).  The
25     undersigned accords little weight to this opinion because it
26     is not consistent with the record as a whole, *e.g.*,
27     unremarkable neurological examinations and MRI findings as
28     discussed above.

3

1  (A.R. 24).   The Appeals Council denied review (A.R. 1-3).

2

3                          **STANDARD OF REVIEW**

4

5       Under 42 U.S.C. section 405(g), this Court reviews the

6  Administration's decision to determine if: (1) the Administration's

7  findings are supported by substantial evidence; and (2) the

8  Administration used correct legal standards.  See Carmickle v.

9  Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,

10  499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner,

11  682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "such

12  relevant evidence as a reasonable mind might accept as adequate to

13  support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401

14  (1971) (citation and quotations omitted); see also Widmark v.

15  Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

16

17       If the evidence can support either outcome, the court may

18       not substitute its judgment for that of the ALJ.  But the

19       Commissioner's decision cannot be affirmed simply by

20       isolating a specific quantum of supporting evidence.

21       Rather, a court must consider the record as a whole,

22       weighing both evidence that supports and evidence that

23       detracts from the [administrative] conclusion.

24

25  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and

26  quotations omitted).

27  ///

28  ///

                                   4

**DISCUSSION**

I.   **The ALJ Mischaracterized the Record While Rejecting the Diagnoses**
     **of Fibromyalgia.   The ALJ Also May Have Failed Properly to**
     **Consider the Applicable Social Security Ruling.**

     The ALJ mischaracterized the record while rejecting the treating physicians' diagnoses of fibromyalgia.  After correctly observing that the "signs" of fibromyalgia "are primarily the tender points" ("at least 11 of the 18 specified tender points"),[1] the ALJ incorrectly asserted that "there are no such signs documented in the medical record" (A.R. 20).  In fact, the medical record does document "such signs" (see A.R. 210 ("Tender points: he is positive in 18/18!")).

     An ALJ's material mischaracterization of the record can warrant remand.  See, e.g., Regennitter v. Commissioner of Social Sec. Admin., 166 F.3d 1294, 1297 (9th Cir. 1999).  The mischaracterization in the present case is potentially material.  See, e.g., Samons v. Colvin, 618 Fed. App'x 340, 341-42 (9th Cir. 2015) (where ALJ discerned no medically determinable fibromyalgia while erroneously asserting that the record contained no "trigger point examination," the Ninth Circuit remanded for further administrative proceedings).

/// 
/// 
/// 

---

     [1]   Diagnosing fibromyalgia ordinarily involves testing for tenderness of certain points on a patient's body.  See, e.g., Weiler v. Shalala, 922 F. Supp. 689, 693 (D. Mass. 1996).

1    The Court also observes that the ALJ may have failed properly to

2  consider Social Security Ruling ("SSR") 12-2p,[2] the SSR which governs

3  the "evaluation of fibromyalgia."   The ALJ's decision fails to cite

4  SSR 12-2p and references only one of the two sets of American College

5  of Rheumatology diagnostic criteria outlined in SSR 12-2p.   Compare

6  A.R. 19-20 with SSR 12-2p at *2-3.   An ALJ's failure to consider both

7  of these sets of criteria may require remand.   See Rounds v.

8  Commissioner, 807 F.3d 996, 1005 (9th Cir. 2015).[3]

9

10  **II.   The ALJ Failed to State Sufficient Reasons for Rejecting the**

11      **Opinions of Dr. Pierce.**

12

13    A treating physician's conclusions "must be given substantial

14  weight."   Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see

15  Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must

16  give sufficient weight to the subjective aspects of a doctor's

17  opinion. . . .   This is especially true when the opinion is that of a

18  treating physician") (citation omitted); see also Garrison v. Colvin,

19  759 F.3d 995, 1012 (9th Cir. 2014) (discussing deference owed to the

20  opinions of treating and examining physicians).   Even where the

21  _____

22      [2]   SSRs are binding on the Administration.   See Terry v.
    Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).
23

24      [3]   On remand, the Administration should also heed SSR 85-
    28, which governs the evaluation of whether an alleged impairment
25  is "severe."   In accordance with this SSR, impairments that
    properly may be screened out as non-severe are limited to those
26  that "clearly" are "of a minimal nature which could never prevent
    a person from working."   SSR 85-28 at *2; see Smolen v. Chater,
27  80 F.3d 1273, 1290 (9th Cir. 1996) (the severity concept is "a de
    minimis screening device to dispose of groundless claims");
28  accord Webb v. Barnhart, 433 F.3d 683, 686-87 (9th Cir. 2005).

treating physician's opinions are contradicted, as here, "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriguez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted).

The reasons the ALJ stated for rejecting Dr. Pierce's opinions do not comport with these authorities.  The ALJ's stated reason that Dr. Pierce's opinions purportedly are "not consistent with the record as whole" is impermissibly vague and unspecific.  See, e.g., Kinzer v. Colvin, 567 Fed. App'x 529, 530 (9th Cir. 2014) (ALJ's statements that treating physicians' opinions "contrasted sharply with the other evidence of record" and were "not well supported by the . . . other objective findings in the case record" held insufficient); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting treating physician's opinions do not suffice); Embrey v. Bowen, 849 F.2d at 421 ("To say that the medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required. . . .").  The ALJ's only further stated reason, a reference to "unremarkable neurological examinations and MRI findings," also fails to constitute a sufficient reason for rejecting Dr. Pierce's

fibromyalgia-related opinions.  As the Ninth Circuit has recognized, "to date there are no laboratory tests to confirm the diagnosis [of fibromyalgia]." Benecke v. Barnhart, 379 F.3d 587, 590 (9th Cir. 2004).  Consequently, the alleged "unremarkability" of "neurological examinations and MRI findings" cannot properly impugn medical opinions regarding fibromyalgia.  See Johnson v. Astrue, 597 F.3d 409, 410 (1st Cir. 2009) ("the musculoskeletal and neurological examinations are normal in fibromyalgia patients, and there are no laboratory abnormalities") (quoting Harrison's Principles of Internal Medicine at 2056 (16th ed. 2005)); McCormick v. Colvin, 2013 WL 3972700, at *15 (N.D. Iowa July 26, 2013), adopted, 2013 WL 4401853 (N.D. Iowa Aug. 14, 2013) ("Because [fibromyalgia] is a rheumatic disease, it is not diagnosed through the type of objective findings utilized with neurological orthopedic disorders. . . .  In short, the fact that McCormick had relatively normal MRI findings and lacked other objective findings that would suggest neurological or orthopedic impairments does not provide a good reason for discounting Dr. Luft's opinions"); Reliford v. Barnhart, 444 F. Supp. 2d 1182, 1190-91 (N.D. Ala. 2006) ("Fibromyalgia is not diagnosed by MRI or x-rays. . . . The negative MRI and x-ray scans are meaningless in fibromyalgia cases"); Curtis v. Astrue, 623 F. Supp. 2d 957, 967 (S.D. Ind. 2009) ("The ALJ's conclusion that Plaintiff's normal MRI and normal neurological results were inconsistent with her diagnosis of fibromyalgia misunderstands the nature of fibromyalgia").

Defendant nevertheless argues that if "the ALJ properly discredited Plaintiff's subjective complaints, he likewise properly rejected the opinion of a physician reflecting those discredited

1   complaints . . ." (Defendant's Motion at 2).  It is true that an ALJ

2   sometimes may reject a treating physician's opinion where the

3   physician premised the opinion "to a large extent" on the claimant's

4   properly discounted subjective complaints.  See Morgan v.

5   Commissioner, 169 F.3d 595, 602 (9th Cir. 1999); accord Mattox v.

6   Commissioner of Social Security, 371 Fed. App'x 740, 742 (9th Cir.

7   2010); Fair v. Bowen, 885 F.2d 597, 605 (9th Cir. 1989); compare

8   Ghanim v. Colvin, 763 F.3d 1154, 1162-63 (9th Cir. 2014) ("when a

9   [treating physician's] opinion is not more heavily based on a

10   patient's self-reports than on clinical observations," an ALJ may not

11   discount the treating physician's opinion based on the patient's lack

12   of credibility).  It is also true, however, that a court "cannot

13   affirm the decision of an agency on a ground that the agency did not

14   invoke in making its decision." Pinto v. Massanari, 249 F.3d 840, 847

15   (9th Cir. 2001).  In the present case, the ALJ did not invoke as a

16   stated reason for rejecting Dr. Pierce's opinions the possibility that

17   Dr. Pierce premised those opinions more heavily on Plaintiff's

18   subjective complaints than on clinical observations.  The Court cannot

19   uphold the ALJ's rejection of Dr. Pierce's opinions on the basis of

20   unstated reasoning.  See id.; Ryan v. Colvin, 2015 WL 1964377, at *6

21   n.2 (E.D. Wash. May 1, 2015); Cooper v. Colvin, 2014 WL 50810, at *12

22   (S.D. Cal. Jan. 7, 2014).

23

24   **III.  The Court is Unable to Deem the Errors Harmless.**

25

26       The Court is unable to conclude that the ALJ's several errors

27   were harmless.  "[A]n ALJ's error is harmless where it is

28   inconsequential to the ultimate nondisability determination." Molina

1  v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (citations and

2  quotations omitted); see Treichler v. Commissioner, 775 F.3d 1090,

3  1105 (9th Cir. 2014) ("Where, as in this case, an ALJ makes a legal

4  error, but the record is uncertain and ambiguous, the proper approach

5  is to remand the case to the agency"); cf. McLeod v. Astrue, 640 F.3d

6  881, 887 (9th Cir. 2011) (error not harmless where "the reviewing

7  court can determine from the 'circumstances of the case' that further

8  administrative review is needed to determine whether there was

9  prejudice from the error").

10

11  **IV.  Remand for Further Administrative Proceedings is Appropriate.**

12

13      Remand is appropriate because the circumstances of this case

14  suggest that further administrative review could remedy the ALJ's

15  errors.  McLeod v. Astrue, 640 F.3d at 888; see also INS v. Ventura,

16  537 U.S. 12, 16 (2002) (upon reversal of an administrative

17  determination, the proper course is remand for additional agency

18  investigation or explanation, except in rare circumstances); Dominguez

19  v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district

20  court concludes that further administrative proceedings would serve no

21  useful purpose, it may not remand with a direction to provide

22  benefits"); Treichler v. Commissioner, 775 F.3d at 1101 n.5 (remand

23  for further administrative proceedings is the proper remedy "in all

24  but the rarest cases"); Garrison v. Colvin, 759 F.3d at 1020 (court

25  will credit-as-true medical opinion evidence only where, inter alia,

26  "the record has been fully developed and further administrative

27  proceedings would serve no useful purpose"); Harman v. Apfel, 211 F.3d

28  1172, 1180-81 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) (remand

10

1  for further proceedings rather than for the immediate payment of
2  benefits is appropriate where there are "sufficient unanswered
3  questions in the record").   There remain significant unanswered
4  questions in the present record.   Cf. Marsh v. Colvin, 792 F.3d 1170,
5  1173 (9th Cir. 2015) (remanding for further administrative proceedings
6  to allow the ALJ to "comment on" the treating physician's opinion).
7  Moreover, it is not clear that the ALJ would be required to find
8  Plaintiff disabled for the entire claimed period of disability even if
9  the rejected medical opinions were fully credited.   See Luna v.
10  Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010).
11  ///
12  ///
13  ///
14  ///
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

**CONCLUSION**

For all of the foregoing reasons,[4] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 27, 2016.

                                    /S/
                            CHARLES F. EICK
                    UNITED STATES MAGISTRATE JUDGE

---

[4]     The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.  "[E]valuation of the record as a whole creates serious doubt that [Plaintiff] is in fact disabled." Garrison v. Colvin, 759 F.3d at 1021; see Sarchet v. Chater, 78 F.3d 305, 307 (7th Cir. 1996) ("Some people may have such a severe case of fibromyalgia as to be totally disabled from working . . . but most do not. . . .").